IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-514-FL-KS

| | |
|---|---|
| ALEXANDER N. ASANOV, individually, on behalf of himself, and on behalf of The People of the USA – hundreds of millions of similarly situated victims,<br><br>    Plaintiffs,<br><br>v.<br><br>JUAN MANUEL MERCHAN and JOE DOE – unidentified yet Defendants colluded into organized anti-American criminal group,<br><br>    Defendants. | ORDER |

This pro se case is before the court on Plaintiff Alexander N. Asanov's Motion for Permission to Serve Summons and Complaint to Defendant Merchan by Publication in Mass Media [DE #6]. For the reasons that follow, Plaintiff's motion is denied without prejudice.

## DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure governs service of process. Subsection (e) authorizes service upon an individual within a judicial district of the United States by following the state law for service (1) where the district court is located (in this case, North Carolina) or (2) where service is being effected (in this case, New York). Fed. R. Civ. P. 4(e)(1).

North Carolina law permits service by publication upon "[a] party that cannot with due diligence be served by personal delivery, registered or certified mail, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2)." N.C. Gen. Stat. § 1A-1, Rule 4(j1). A plaintiff need not obtain court approval to serve a defendant by publication, but must "[u]pon completion of such service . . . file[] with the court an affidavit showing the publication and mailing in accordance with the requirements of [N.C. Gen. Stat. §] 1-75.10(a)(2), the circumstances warranting the use of service by publication, and information, if any, regarding the location of the party served." N.C. Gen. Stat. § 1A-1, Rule 4(j1).

In New York, service may be made by publication with leave of court, upon such terms as the court directs, N.Y. C.P.L.R. § 308(5), if the court finds that service by other means is impracticable and publication is "'reasonably calculated, under all the circumstances, to apprise' the defendant of the action." *Caldwell v. City of New York*, No. 1:21-CV-6560-LJL-SDA, 2022 WL 2292778, at *2 (S.D.N.Y. June 24, 2022) (quoting N.Y. C.P.L.R. § 308 (McKinney Practice Commentary, *C308:6 Court-Ordered Service*)). Because "[s]ervice by publication in a newspaper . . . is the least likely to be efficacious in conveying actual notice," it will "seldom pass muster as an appropriate method of service" under New York law. *Id.*

Plaintiff requests permission to serve Juan Manuel Merchan by "publication in mass media." (Mot. Serve Def. Merchan Publ'n [DE #6].) However, he does not state in his motion whether he seeks to do so under North Carolina law or New York

law.[1] Nor does he propose any procedures for publication or demonstrate that the procedures he intends to use are reasonably calculated to apprise Merchan of this action. Moreover, Plaintiff's motion fails to demonstrate that Merchan cannot with due diligence be served other than by publication, *see* N.C. Gen. Stat. § 1A-1, Rule 4(j1), or that service by other means is impracticable, *see* N.Y. C.P.L.R. § 308(5). Plaintiff claims to have made several attempts to serve Merchan. (Mot. Serve Def. Merchan Publ'n.) However, he has provided proof of only one attempt. That summons was returned unexecuted with a notation that service was attempted at the wrong address and that the correct address for service is "40 Foley [S]quare, New [Y]ork, NY 10007." (Unexecuted Summons [DE #5] at 2.) Plaintiff states, "The attempt to serve at the address 40 Foley Square also failed." (Mot. Serv. Def. Merchan Publ'n.) However, Plaintiff has provided no proof of any attempted service at that address.

Plaintiff has not demonstrated that leave to serve Merchan by publication is necessary or warranted. Accordingly, his motion is denied without prejudice.

---

[1] Plaintiff's motion is not supported by a supporting memorandum as required by this court's local rules. *See* Local Civil Rule 7.1(e) (E.D.N.C. May 2023) ("Except for motions the clerk may grant as specified in Local Civil Rule 77.2, all motions made, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum in the manner prescribed by Local Civil Rule 7.2(a).").

3

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Permission to Serve Summons and Complaint to Defendant Merchan by Publication in Mass Media [DE #6] is DENIED without prejudice.

This 5th day of November 2024.

                                              KIMBERLY A. SWANK
                                              United States Magistrate Judge