IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-514-FL-KS

| | |
|---|---|
| ALEXANDER N. ASANOV, individually, on behalf of himself, and on behalf of The People of the USA – hundreds of millions of similarly situated victims,<br><br>    Plaintiff,<br>    v.<br><br>JUAN MANUEL MERCHAN and JOE DOE – unidentified yet Defendants colluded into organized anti-American criminal group,<br><br>    Defendants. | **ORDER** |

This pro se civil action is before the court on Plaintiff's motion for mental health evaluation of Defendant Juan Manuel Merchan [DE #12], the motion having been referred for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) by the Honorable Louise W. Flanagan, United States District Judge. For the reasons set forth below, the court denies Plaintiff's motion.

## DISCUSSION

Rule 35 of the Federal Rules of Civil Procedure authorizes a court to order the mental examination of a party where the party's mental condition is in controversy and good cause has been shown for the examination. Fed. R. Civ. P. 35(a). "[T]he twin requirements of 'good cause' and 'in controversy' are distinct concepts," and a Rule 35 mental examination is authorized only where the movant makes an affirmative showing that both requirements have been met. *Walton v. N.C. Dep't of Agric. &*

*Consumer Servs.*, No. 5:09-CV-302-FL, 2011 WL 883579, at *2 (E.D.N.C. Mar. 11, 2011) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964)). "Unlike other tools of discovery, a . . . mental examination under Rule 35 requires more than a showing of mere relevance." *Walton*, 2011 WL 883579, at *2. And conclusory allegations will not suffice. *Schlagenhauf*, 379 U.S. at 118.

Defendant Merchan is an Acting Justice of the Supreme Court of New York and presided over the trial of *New York v. Donald J. Trump*, No. 71543-23 (N.Y. Sup. May 30, 2024), in which a jury found then former-President (now President) Donald J. Trump guilty of thirty-four counts of falsifying business records in the first degree. Plaintiff accuses Merchan of criminal interference with the 2024 presidential campaign. (Compl. [DE #1] at 2.) In the motion presently before the court, Plaintiff asserts "Defendant Merchan has exhibited numerous symptoms of severe mental disorders, which has damaged Americans and humiliated the USA for the entire world." (Pet. Mental Health Eval. [DE #12].) He asks the court "to order on EMERGENCY basis that Defendant Merchan undergoes [sic] mental health evaluation by five (5) independent experts." (*Id.*)

Plaintiff has met neither the "in controversy" nor the "good cause" requirement for a Rule 35 examination. Defendant Merchan has not placed his mental condition in controversy by evidencing any intent to use psychological evidence of his mental state. In fact, his mental state does not even appear to meet the less stringent Rule 26 relevancy standard. *See* Fed. R. Civ. P. 26(b)(1). Nor has Plaintiff shown that good cause exists to require Defendant Merchan to undergo a mental examination.

Plaintiff's conclusory allegations do not satisfy Rule 35's requirements, and his request for a mental examination of Defendant Merchan must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for mental health evaluation of Defendant Merchan [DE #12] is DENIED.

This 30th day of January 2025.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge