IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-514-FL

| | |
|---|---|
| DR. ALEXANDER N. ASANOV, individually, on behalf of himself, and on behalf of the people of the USA - hundreds of millions of similarly situated victims, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ORDER ) |
| JUAN MANUEL MERCHAN, and JOE DOE - unidentified yet Defendants colluded into organized anti-American criminal group, | ) ) ) ) ) |
| Defendants. | ) |

This matter is before the court on plaintiff's motions for default judgment (DE 17, 18), and upon the court's own initiative to address the court's subject matter jurisdiction.

**STATEMENT OF THE CASE**

Plaintiff commenced this action September 6, 2024, asserting claims on behalf of himself and "hundreds of millions of similarly situated victims," against defendant "judge Juan M[anuel] Merchan" ("Merchan") and "unidentified yet Defendants," seeking "court orders so that Ms. Kamala Harris, Mr. Donald Trump, Mr. Robert F. Kennedy Jr. and other candidates can equally participate in the 2024 presidential campaign." (Compl. (DE 1) at 1). Plaintiff alleges that "felonies committed by corrupted judge Merchan have inflicted damages to US national [Chemical, Biological, Radiological, Nuclear, and Explosive] security, devastated millions of Americans, [and] imposed the risks of death and injuries onto the entire nation." (Id.). Plaintiff

asserts federal question jurisdiction pursuant to "RICO" and "Federal Tort Claims Act" and diversity jurisdiction because plaintiff is a citizen of North Carolina defendant Merchan "is a resident of the state of New York." (Id. at 1, 4).

By way of further summary, plaintiff alleges "[i]n Trump's trial there was no real crime by Trump, but a series of felony crimes committed by Defendants Merchan and Joe Doe." (Id. at 2). Plaintiff seeks court appointment of an "interpreter-lawyer," "FBI-DOJ Special Prosecutor," compensatory and punitive damages, and orders impeaching and disqualifying defendant Merchan from "all judiciary positions," as well as relief that "cancels unlawful orders entered by Defendant Merchan that are limiting Trump's ability to campaign." (Id. at 10).

November 6, 2024, the court denied plaintiff's motion for permission to serve summons by publication. The court allowed plaintiff an extension of time to serve summons and complaint January 3, 2025. The court thereafter denied motions for mental health evaluation and for extension of time to hire an attorney. March 20, 2025, the court noticed plaintiff of failure to make service within 90 days as to defendant Merchan. Plaintiff filed the instant motions for default judgment April 3 and May 5, 2025.

## COURT'S DISCUSSION

A. Subject-Matter Jurisdiction

"Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004). "Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Id. Here, subject matter jurisdiction is lacking due to multiple deficiencies in Article III standing, as set forth below.

"To establish standing, . . . a plaintiff must demonstrate (i) that []he has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. 367, 380 (2024). "Article III standing screens out plaintiffs who might have only a general legal, moral, ideological, or policy objection to a particular government action." Id. at 381. Federal courts do no "operate as an open forum for citizens to press general complaints about the way in which government goes about its business." Id. at 379. "[C]ourts do not opine on legal issues in response to citizens who might roam the country in search of governmental wrongdoing." Id.

Here, plaintiff's has not demonstrated any of the three requisite prongs of standing. First, he has not alleged facts demonstrating an injury in fact, comprising a "concrete" injury in "a personal and individual way and not . . . a generalized grievance." Id. at 381. Plaintiff's assertions in his complaint regarding the impact of court rulings by defendant Merchan on himself and "millions of similarly situated victims," (Compl. (DE 1) at 1), are "general legal, moral, ideological, [and] policy" complaints not sufficient for Article III standing. All. for Hippocratic Med., 602 U.S. at 381. Plaintiff also does not have standing to bring claims pro se on behalf of those other victims. See Warth v. Seldin, 422 U.S. 490, 499 (1975); Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 244 (4th Cir. 2020).

Second, for that part of plaintiff's alleged injury asserted on his own behalf, plaintiff has not demonstrated that "that the injury likely was caused or will be caused by the defendant." All. for Hippocratic Med., 602 U.S. at 380. For example, plaintiff states in his complaint that defendants "injured him and exposed his family to numerous crimes," and "survived several attempted-murders that were the results of the crimes committed by Defendants," which were in

turn "caused by the degradation of significant portions of judiciary driven by the 6-fold excess of lawyers." (Compl. at 1). These allegations are not sufficient to show that plaintiff had a concrete injury fairly traceable to defendant. "[C]ausation generally cannot rely on speculation about the unfettered choices made by independent actors not before the courts." All. for Hippocratic Med., 602 U.S. at 382. Plaintiff's allegations are "too speculative [and] too attenuated" to meet Article III standing requirements. Id.

Third, plaintiff has not alleged his injury "likely would be redressed by the requested judicial relief." Id. at 380. Indeed, most of the relief sought in plaintiff's complaint, in the form of orders related to the 2024 election campaign, is mooted by virtue of the 2024 election. (See Compl. at 1-2, 5-10); Com. of Va. ex rel. Coleman v. Califano, 631 F.2d 324, 326 (4th Cir. 1980) ("Federal courts have no jurisdiction to decide moot cases."). In sum, plaintiff's claims must be dismissed due to multiple deficiencies in Article III standing.

In addition, in that part where plaintiff asserts a Federal Tort Claims Act claim, that statute mandates that any suit thereunder may not be initiated until a plaintiff "present[s] the claim to the appropriate federal agency and his claim [is] finally denied by the agency in writing." 28 U.S.C. § 2675(a). "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). Where plaintiff has not alleged such exhaustion, plaintiff's claim in this part also is dismissed for lack of jurisdiction.

In sum, the instant action must be dismissed "without prejudice" for lack of subject matter jurisdiction. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

B.  Motions for Default Judgment

Because the court lacks subject matter jurisdiction over plaintiff's claims, plaintiff's motions for default judgment necessarily must be denied. See id. ("[A] court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

## CONCLUSION

Based on the foregoing, instant action is DISMISSED without prejudice for lack of subject matter jurisdiction. Plaintiff's motions for default judgment (DE 17, 18) are DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 27th day of May, 2025.

                                                LOUISE W. FLANAGAN
                                                United States District Judge